UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **PATRICK LEVIER #533318** | **CASE NO.  6:22-CV-05786 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **JOHN TRAHAN** | **MAGISTRATE JUDGE WHITEHURST** |

### REPORT AND RECOMMENDATION

Pending before this Court is a civil rights complaint, filed pursuant to 42 U.S.C. §1983, by pro se plaintiff, Patrick Levier, an inmate in the custody of the Louisiana Department of Corrections.  Plaintiff is currently incarcerated at the Louisiana State Penitentiary in Angola.  He names Judge John Trahan as the sole defendant.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the matter be **DISMISSED WITH PREJUDICE** as frivolous.

### *Statement of the Case*

Judge John Trahan presided over plaintiff's criminal trial in the 15th Judicial District Court. Plaintiff alleges that Judge Trahan conspired with his defense attorney, Elbert Guillory, to deprive plaintiff of his civil rights.  Doc. 7, p. 3.  Specifically, plaintiff alleged ineffective assistance of counsel on the part of Mr. Guillory and contends that Judge Trahan's refusal to recuse himself allowed him to stay on the case and to protect Elbert Guillory from claims of incompetent counsel." *Id*.  at p. 4.

*Law and Analysis*

1. **Frivolity Review**

Levier has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

2. **Judge Trahan**

Plaintiff's claims against Judge John Trahan stem from the fact that he was the presiding judge in the criminal proceedings against him and, therefore, arise out of the performance of his judicial duties. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297

(5th Cir.1985). As the claims against Judge Trahan meet the criteria set forth above, he is immune from suit and claims against him should be dismissed.

*Conclusion*

Therefore,

**IT IS RECOMMENDED THAT** this matter be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 24th day of January, 2023.

_____
**Carol B. Whitehurst
United States Magistrate Judge**